UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEANNA KAY DUGGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-CV-89 ACL |
| ) | |
| JAY'S CORNER STORE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff's motion for leave to commence this employment discrimination action without payment of the required filing fee. ECF No. 2. Having reviewed the application and financial information provided, the Court has determined to grant the motion. *See* 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**The Complaint**

On June 29, 2022, plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, alleging that she was sexually harassed at her prior place of employment at Jay's Corner Store in Poplar Bluff, Missouri. Plaintiff not only brings this action against her former employer, Jay's Corner Store, but also the two owners of the store, Jinkin[1] (Jay) Kikani and Madhu Kikani. Although plaintiff brings this action pursuant to Title VII, she has not provided a copy of a charge of discrimination purportedly filed with the Equal Opportunity Commission ("EEOC") or a right to sue letter provided to her from the EEOC.[2]

---

[1] Plaintiff spells defendant Jinkin Kikani's name two different ways in the complaint: Jenkin, as well as Jinkin. For ease of reference the Court will refer to defendant as Jay.

[2] Plaintiff has filed a companion action against defendants. *See Dugger v. Jay's Corner Store*, No. 1:22-CV-88 ACL (E.D.Mo). In that action, plaintiff alleges that defendants discriminated against her in

Plaintiff states that the alleged sexual harassment by Jay Kikani occurred in December of 2020. She alleges that Jay started messaging her requesting to go on a date, which she attempted to rebuff because Jay was married. Nonetheless, Jay continued messaging and calling plaintiff and even went so far as to ask how much debt plaintiff had, to tell plaintiff that he "would pay off her debts." Plaintiff states that at the time, she was engaged, and because of Jay's harassing behavior, she lost her relationship.

For relief, plaintiff seeks a monetary amount for "pain and suffering," as well as "$50,000."

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

---

violation of the Americans with Disabilities Act. Although plaintiff provided a copy of a notice of right to sue from the EEOC in that action, the right to sue letter was issued on November 16, 2021. The Court is unsure if this is the only right to sue letter received by plaintiff. If so, plaintiff had ninety (90) days to file a lawsuit after issuance of the right to sue letter, which accrued on or about February 14, 2022. It appears that plaintiff filed her lawsuit in an untimely manner.

## Discussion

Title VII only provides a remedy against an "employer," defined as a "person engaged in an industry affecting commerce who has **fifteen** or more employees." *See* 42 U.S.C. §§ 2000e(b); 2000e-2(a) (emphasis added). The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997); *see Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). Thus, the Court will direct plaintiff to amend her complaint on a Court-provided form so she may name only her employer as a defendant in this action. Additionally, plaintiff should take care to identify whether Jay's Corner Store had the requisite **fifteen or more employees** such that defendant could be held liable under Title VII.

Additionally, the Court notes that the instant employment discrimination complaint is subject to dismissal because plaintiff has failed to submit a clear statement of the claim describing how she suffered **a hostile work environment because of** the alleged sexual harassment from Jay Kikani. Even self-represented plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15. In consideration of plaintiff's self-represented status, the Court will give her the opportunity to file an amended complaint.

Eighth Circuit precedent sets a high bar for conduct to be sufficiently severe or pervasive to trigger a Title VII violation for sexual harassment. The Eighth Circuit has previously described the "boundaries of a hostile work environment claim," and demonstrated that some conduct well beyond the bounds of respectful and appropriate behavior is nonetheless insufficient to violate Title VII. *McMiller v. Metro*, 738 F.3d 185, 188 (8th Cir. 2013). In *McMiller* the Court of Appeals

3

outlined several cases illustrating conduct that was not sufficient to amount to actionable severe or pervasive conduct. First, in *McMiller*, the Eighth Circuit described the facts of *Duncan v. General Motors Corp.* in which:

> a supervisor sexually propositioned [the employee], repeatedly touched her hand, requested that she draw an image of a phallic object to demonstrate her qualification for a position, displayed a poster portraying the plaintiff as the 'president and CEO of the Man Hater's Club of America,' and asked her to type a copy of a 'He-Men Women Hater's Club' manifesto.

*Id.* at 188 (citing *Duncan*, 300 F.3d 928, 931–35 (8th Cir. 2002)). The appellate court held these facts were not sufficiently severe or pervasive enough to establish a Title VII hostile work environment claim. *Id.* Similarly, in *McMiller* the court summarized the facts of *LeGrand v. Area Resources for Community and Human Services*, where it determined even more outrageous conduct, including graphic sexual propositions and even incidental unwelcome sexual contact, did not establish severe or pervasive conduct sufficient to be actionable. *Id.* at 189 (citing *LeGrand*, 394 F.3d 1098, 1100–03 (8th Cir. 2005)). And in *Paskert v. Kemna-ASA Auto Plaza, Inc.*, the Court of Appeals found that a supervisor's bragging about his purported sexual conquests, coupled with, on one occasion, attempting to rub the plaintiff's shoulders, while stating "you could be mine," was not enough to state a claim for sexual harassment.[3] 950 F.3d 535 (8th Cir. 2020). Given this high bar, it appears that plaintiff's claims, as currently stated, are not sufficiently "severe or pervasive" enough to trigger a Title VII violation for sexual harassment. Nonetheless, the Court will provide plaintiff an opportunity to amend her pleading to properly state a claim for relief.

Furthermore, plaintiff has failed to attach her charge of discrimination to her complaint, as well as her right to sue. Thus, she must attach those two documents to her amended complaint.

---

[3]Furthermore, the claims plaintiff asserts in her amended complaint must be like or reasonably related to the claims outlined in her charge of discrimination, or they will be subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

The amended complaint will replace the original complaint in all respects. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 10 requires plaintiff to state her factual allegations in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff should clearly articulate her sexual harassment claims and articulate any adverse action(s) she believes were taken against her because of the discriminatory conduct she received from Jay's Corner Store. Plaintiff's amended complaint must be on a Court form, which will be provided to her. Plaintiff must also complete the entire form complaint.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given thirty (30) days to file an amended complaint along with the required documents. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

### Motion for Appointment of Counsel

Plaintiff has also filed a motion to appoint counsel. ECF No. 3. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant

factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that she has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present her claims to the Court. The Court will therefore deny the motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days** from the date of this Memorandum and Order. **Plaintiff must attach copies of her EEOC right-to-sue letter and charge of discrimination with her amended complaint.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this **6th** day of July, 2022.

                                                              _____
                                                              STEPHEN N. LIMBAUGH, JR.
                                                              SENIOR UNITED STATES DISTRICT JUDGE