UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEANNA KAY DUGGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-CV-89 ACL |
| | ) | |
| JAY'S CORNER STORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On June 29, 2022, plaintiff Deanna Kay Dugger filed the instant employment discrimination action against defendants Jay's Corner Store, Madhu Kikani, and Jinkin (Jay) Kikani pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. [ECF No. 1]. After review of the amended complaint, the Court finds that this action is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 41(b).

### Background

In the July 6, 2022 Memorandum and Order, the Court ordered plaintiff to submit an amended complaint on a Court-provided form, as well as a copy of her right to sue from the Equal Employment Opportunity Commission (EEOC), and a copy of her charge of discrimination. [ECF No. 5]. Plaintiff was also required to address in her amended complaint the timeliness of the filing of her action before this Court.[1]

---

[1] Plaintiff filed a companion action in this Court. *See Dugger v. Jay's Corner Store,* No. 1:22-CV-88 ACL (E.D.Mo). In that action, plaintiff alleged that defendants discriminated against her in violation of the Americans with Disabilities Act. Although plaintiff provided a copy of a notice of right to sue from the EEOC in that action, the right to sue letter was issued on November 16, 2021. The Court was unsure if this is the only right to sue letter received by plaintiff. If so, plaintiff had ninety (90) days to file a lawsuit after issuance of the right to sue letter, which accrued on or about February 14, 2022. Because it appeared

On July 21, 2022, plaintiff filed an amended complaint on a court-provided form. [ECF No. 6]. Plaintiff, however, failed to provide the Court with a copy of her charge of discrimination. Additionally, plaintiff has failed to address the timeliness of the instant action within the confines of her amended complaint. Although she states that she believes she filed a charge of discrimination against an unnamed defendant in "Sep or December 2020," she has not provided any additional information relative to her claims.

Plaintiff has also failed to attach a copy of her notice of right to sue from the EEOC to the instant action. She states in her amended complaint that her right to sue "has been sent." The Court surmises that plaintiff is referring to the notice of right to sue plaintiff filed in *Dugger v. Jay's Corner Store*, No. 1:22-CV-88 ACL (E.D.Mo), that was issued by the EEOC on November 16, 2021.

## Discussion

In the July 6, 2022 Memorandum and Order, the Court explained why it sought copies of the notice of right to sue and the charge of discrimination from plaintiff:

> Plaintiff has filed a companion action against defendants. *See Dugger v. Jay's Corner Store,* No. l:22-CV-88 ACL (E.D.Mo). In that action, plaintiff alleges that defendants discriminated against her in violation of the Americans with Disabilities Act. Although plaintiff provided a copy of a notice of right to sue from the EEOC in that action, the right to sue letter was issued on November 16, 2021. The Court is unsure if this is the only right to sue letter received by plaintiff. If so, plaintiff had ninety (90) days to file a lawsuit after issuance of the right to sue letter, which accrued on or about February 14, 2022. It appears that plaintiff filed her lawsuit in an untimely manner.
> . . .

---

that plaintiff's lawsuit was filed in an untimely manner, plaintiff was asked to address the timeliness of her filing within the confines of her amended complaint or file a second copy of her new right to sue letter. The Court dismissed plaintiff's case in *Dugger v. Jay's Corner Store*, No. 1:22-CV-88 ACL (E.D.Mo) on September 28, 2022, due to plaintiff's failure to provide a copy of her charge of discrimination. *See* Fed.R.Civ.P.41(b).

2

>Furthermore, the claims plaintiff asserts in her amended complaint must be like or reasonably related to the claims outlined in her charge of discrimination, or they will be subject to dismissal for failure to exhaust administrative remedies.

### A. Right to Sue Letter Received by Plaintiff on February 14, 2022

Timely filing a charge of discrimination with the EEOC or with the State or local agency is a precondition to suit under Title VII. *Richter v. Advance Auto Parts*, *Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1) (Title VII). A plaintiff bringing an employment discrimination action under Title VII must bring the action within ninety (90) days from receipt of the notice of right to sue letter. 42 U.S.C. § 2000e-5(f). The ninety-day period represents a limitations period that bars a suit not filed within that time. *Hales v. Casey's Mktg. Co.,* 886 F.3d 730, 736 (8th Cir. 2018). Failure to file suit within ninety (90) days after receipt of a notice from the EEOC renders a plaintiff's action untimely. *See Brooks v. Ferguson-Florissant Sch. Dist*., 113 F.3d 903, 905 (8th Cir. 1997) (noting the EEOC letter "plainly" said the plaintiff would lose his right to a cause of action if one was not filed within 90 days). "Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imps*., 869 F.2d 1122, 1124 (8th Cir. 1989). The presumption is that the plaintiff will receive notice three days after the mailing date. *Hales,* 886 F.3d at 736.

The notice of right to sue letter submitted with the complaint in *Dugger v. Jay 's Corner Store,* No. l:22-CV-88 ACL (E.D.Mo) is dated November 16, 2021. The right to sue letter explicitly states: "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." Plaintiff had ninety (90) days thereafter, that is, until February 14, 2022, to bring a federal action based on her charge of discrimination. Plaintiff filed this action on June 29, 2022, more than four months later.

Failure to file a timely civil action warrants dismissal of the complaint. *E.g., Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984). Plaintiff's amended complaint is silent as to why the instant action has been untimely filed. Plaintiff has the burden of pleading and proving equitable reasons, if any, for her failure to meet the ninety-day time limit. *Childers v. Brennan*, 2017 WL 118225, at *3 (E.D. Mo. Jan. 12, 2017) (citing *Jenkins v. Mabus,* 646 F.3d 1023, 1028 (8th Cir. 2011)). Equitable tolling will not apply if a party simply failed to exercise reasonable diligence. *Hallgren v. U.S. Dep't Energy*, 331 F.3d 588, 591 (8th Cir. 2003). Plaintiff has failed to indicate in her amended complaint, as instructed, why this action should not be dismissed as untimely. As such, the Court will dismiss this action due to untimeliness, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B. Plaintiff's Failure to Provide the Court with a Copy of Her Charge of Discrimination**

Without a copy of her EEOC charge of discrimination, the Court cannot ascertain whether plaintiff has exhausted her administrative remedies as to the claims she now brings before the Court. Title VII requires an administrative claim be filed and resolved prior to bring a judicial action on the same claim. *See Richter,* 686 F.3d 847 at 850; 42 U.S.C. § 2000e-5(e)(1) In other words, the claims plaintiff asserts in the instant federal complaint must be like or reasonably related to the claims outlined in her charge of discrimination, or they will be subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

Plaintiff has failed to provide to the Court a copy of her charge of discrimination when she was instructed to do so. Although her case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), alternatively, this action is also subject to dismissal for plaintiff's failure to comply with a Court Order, pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. See 28 U.S.C. § 1915(e)(2)(B) and Fed.R.Civ.P.41(b). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of December, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE